Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
Spencer L. Pfeiff (SBN 343305)
Spencer@SwigartLawGroup.com
Jessica R. Pfeiff (SBN 351615)
Jessica@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 866-219-3343
F: 866-219-8344

*Attorneys for Plaintiff,*
*And all others similarly situated*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA ROMERO, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON.COM, INC., <br> Defendant. | Case No.: **'24 CV 2273 H    MSB** <br><br> <u>CLASS ACTION</u> <br><br> COMPLAINT FOR VIOLATIONS OF: <br><br> CALIFORNIA CONSUMER LEGAL REMEDIES ACT ("CLRA"); CIV. CODE § 1750, *et seq.* <br><br> CALIFORNIA'S UNFAIR COMPETITION LAWS ("UCL"); CAL. BUS. & PROF. CODE § 17200, *et seq.* <br><br> DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Plaintiff, Mayra Romero ("Plaintiff"), brings this action on behalf of herself and all others similarly situated against Defendant, Amazon.com, Inc. ("Defendant" or "Amazon"). Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by attorneys.

2. This is a consumer class action for violations of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA") and Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL").

3. Defendant Amazon is presently a multinational technology company, best known as a quick and easily accessible website where consumers can find and purchase nearly any item they can think of. Amazon and its numerous affiliated companies offer consumers a wide variety of goods and services, including grocery delivery service from its very own grocery store, Amazon Fresh.

4. On Amazon's website and phone application, users in cities with an Amazon Fresh facility are able to use Amazon's grocery delivery service by simply selecting the "Groceries" option on the home page of either platform. From there, users are able to select "fresh" to order directly from a nearby Amazon Fresh facility.

5. Consumers browsing the Amazon Fresh homepage are met with a bright user-friendly experience, advertising fresh produce items at reasonable prices. However, once users have filled their carts with items from the online store and begin the checkout process, they are met with the reality of a higher than advertised total checkout cost, which includes alleged "service fees" currently ranging from $4.95 - $9.95 per order.

6. Under California's CLRA, Defendant is required to "clearly and conspicuously" display all mandatory fees and charges when "advertising, displaying, or offering a price for a good or service" (Cal. Civ. Code § 1770(a)(29)(A)). However, as

2

consumers shop the Amazon Fresh platform, there is no clear and conspicuous disclosure of a forthcoming "service" fee. Users are instead disappointed to find they must pay a higher than advertised total cost for the items they have spent time selecting through the platform.

7. Amazon's "Fresh" prices, as advertised on its platform, violate the protections California has enacted to protect its consumers from misleading, false, and unfair business practices.

8. Plaintiff brings this action on behalf of herself and all other similarly situated consumers who have utilized Amazon Fresh for delivery of goods since July 1, 2024, in an effort to end Amazon's false, misleading, and deceptive pricing of grocery items. Plaintiff seeks injunctive relief pursuant to Cal. Civ. Code § 1780 and intends to amend this complaint to include all available remedies under the law in accordance with the notice requirements of Cal. Civ. Code § 1782 should Amazon fail to cease its deceptive advertising practices.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint shall include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

11. This Court has jurisdiction over this action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

12. Because Defendant conducts substantial business within the State of California and engages in activities that constitute purposeful availment of the privileges of conducting business in California, personal jurisdiction is established.

Class Action Complaint

13. Venue is proper under 28 U.S.C. § 1391 (b)(2) because: (i) Plaintiff resides within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

14. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "Consumer" as defined by Cal. Civ. Code § 1761(d).

15. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation with its principal place of business in Washington state.

16. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was a "Person," as defined by Cal. Civ. Code § 1761(c).

17. The causes of action herein pertain to Plaintiff's purchase or use of Defendant's "goods" and/or "services" for personal, familial, or household purposes as defined by Cal. Civ. Code §§ 1761(a) & (b).

## FACTUAL ALLEGATIONS

18. On September 21, 2024, Plaintiff accessed Defendant's Amazon Fresh service via Plaintiff's smartphone and browsed various grocery items with the intention of ordering groceries to be delivered to Plaintiff's home residence.

19. While browsing the various grocery items on Amazon Fresh, Plaintiff observed that Defendant included the price for each item.

20. Plaintiff continued to add grocery items to Plaintiff's electronic cart which totaled to one hundred thirty-five dollars and sixty-five cents ($135.65) worth of items.

21. Defendant did not notify, display, or otherwise disclose to Plaintiff that Defendant would charge Plaintiff a fee or charge would be added to Plaintiff's grocery delivery.

4

22. Plaintiff then began the checkout process.

23. On the final page of the checkout process Defendant added to Plaintiff's invoice the subtotal of $135.65, a tax of $0.44, and a "Service Fee" of $4.95.

24. Plaintiff selected a hyperlink on the words "Service Fee" which led Plaintiff to a page which described the "Service Fee" as a fee that "[H]elps cover operating costs, including equipment, technology, delivery and other costs associated with your grocery delivery order."

25. Plaintiff was deceived by Defendant's advertising of its grocery products when Plaintiff browsed and selected the items Plaintiff planned to purchase.

26. Plaintiff believed the prices Defendant advertised for its products included the total cost of the items exclusive of government-imposed fees or taxes.

27. Plaintiff was shocked and disturbed to find that Defendant required Plaintiff to pay Defendant's self-imposed "Service Fee" at the end of Plaintiff's shopping experience without any prior notice, disclosure, or inclusion of the "Service Fee" in the advertised prices of Defendant's grocery items.

28. Pursuant to the California Legal Remedies Act ("CLRA") Cal. Civ. Code § 1770(a) persons and businesses such as Defendant are prohibited from using unfair methods of competition, as well as unfair or deceptive acts "intended to result or that results in the sale or lease of goods or services to any consumer."

29. Pursuant to Cal. Civ. Code § 1770(a)(29)(A), it is unlawful, unfair, and deceptive to advertise, display, or offer a price for a good or service that does not include all mandatory fees or charges.

30. Defendant has and continues to participate in unlawful unfair and deceptive practices by failing to display the true price of the goods and services offers when displaying, advertising, and offering its goods and services to consumers.

31. Consumers discover the mandatory fees and services only once the consumer proceeds through the checkout process and is required to pay for an undisclosed "Service Fee" at the very end.

Class Action Complaint

32. While the CLRA has included certain exemptions under Cal. Civ. Code § 1770(a)(29)(A), the exemptions do not apply to Defendant's Amazon Fresh goods and services.

33. Furthermore, even if an exemption applied to Defendant's Amazon Fresh program, pursuant to Cal. Civ. Code § 1770(a)(29)(D)(ii), Defendant is required to clearly and conspicuously display any mandatory fee or charge "with an explanation of its purpose, on any advertisement, menu, or other display that contains the price of the food or beverage item."

34. By only disclosing the "Service Fee" on the last page of the checkout process, Defendant is not in compliance with the requirements of the CLRA and therefore has and continues to engage in unlawful conduct.

35. Defendant knows that the prices it advertises, displays, and offers for its Amazon Fresh goods and services are not inclusive of all mandatory fees or charges that Defendant requires a consumer to pay before placing an order.

36. Defendant's failure to include mandatory fees or charges prior to a consumer beginning their checkout process is intentional and willful.

37. Defendant's unlawful practices constitute an unfair and deceptive business strategy implemented to deceive consumers in order to boost its own profits.

38. Defendant is aware that consumers who have spent their valuable time shopping for grocery items and adding the goods to their cart, are still highly likely to finalize their purchase despite not being informed of a mandatory service fee until the final step of the checkout process.

39. Defendant's illegal, unfair, and deceptive practices take advantage of consumers and constitute a willful violation of California law intended to protected California consumers from predatory business practices.

///
///
///

Class Action Complaint

**CLASS ALLEGATIONS**

40. Plaintiff brings this action on behalf of Plaintiff and on behalf of Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2).

41. Plaintiff proposes to represent the following Class consisting of and defined as follows:

> All persons within California who purchased goods for delivery from Defendant's Amazon Fresh program who were charged a "Service Fee" at the time of checkout that was not previously included in the advertised, displayed, or offered price of the good or service beginning July 1, 2024.

42. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

43. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, intentionally and in violation of California's CLRA and UCL, knowingly advertised the cost of its goods and services and failed to disclose all mandatory fees or charges in the advertised or displayed cost of the goods or services to consumers prior to checkout, thereby causing Plaintiff and the Class members to incur additional and unanticipated fees upon checkout and purchase of their order for Defendant's goods or services as advertised. Plaintiff and the Class members were damages thereby.

44. This suit seeks only injunctive relief on behalf of the Class at this time. Plaintiff reserves the right to expand the Class definition to amend this complaint to include all damages available to Plaintiff and the Class under the law. Plaintiff further reserves the right to expand the Class definition to seek recovery of additional damages on behalf of Plaintiff and seek recovery on behalf of

7

additional persons as warranted as facts are learned in further investigation and discovery.

45. <u>Numerosity</u>: The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

46. <u>Commonality</u>: There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

A. Whether, within the time between July 1, 2024, and the applicable statute of limitations period Plaintiff and the Class Members purchased goods for delivery through Defendant's "Amazon Fresh" program.

B. Whether Plaintiff and the Class Members were charged a "Service Fee" that was not clearly and conspicuously disclosed, advertised, or displayed along with the offered price of the goods or service prior to Plaintiff and the Class Members continuing through the checkout process on the Amazon website or phone application.

C. Whether Plaintiff and the Class Members were harmed or damaged thereby; and

D. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

47. <u>Typicality</u>: As a person who utilized Amazon's grocery delivery service through Amazon Fresh and was charged a previously undisclosed service fee prior to checkout, Plaintiff is asserting claims that are typical of the Class. Plaintiff will

Class Action Complaint

fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

48. Plaintiff and the members of the Class have all suffered harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the harm caused by Defendant's conduct. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

49. Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom she is similarly situated, as demonstrated herein. Plaintiff acknowledges that she has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, and the Unfair Competition Laws, Cal. Bus. & Prof. Code § 17200 *et seq.* Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class Members individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in and individual action for the violations stated herein are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

Class Action Complaint

50. <u>Predominance</u>: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

51. <u>Superiority</u>: A class action is a superior method for the fair and efficient adjudication of this controversy because:

   A. Class-wide damages are essential to induce Defendant to comply with the law.

   B. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.

   C. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

   D. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

   E. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.

   F. Absent a class action, Class Members will continue to be harmed by Defendant's deceptive and misleading advertising practices and Defendant's misconduct will continue without remedy.

///

///

52. The Class may also be certified because:

A. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant;

B. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

C. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

53. This suit seeks injunctive relief for Amazon to cease its deceptive and unlawful advertising practices on behalf of Class Members and expressly reserves the right to amend this Complaint to include a request for damages should Amazon fail to remedy its violation of the CLRA, pursuant to § 1782(c) of the statute, within 30 days of formal written notice in compliance with § 1782(a).

54. The joinder of Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class Members can be identified through Defendant's records.

## CAUSES OF ACTION

## COUNT I

## THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT

## CIV. CODE § 1750, *et seq.*

55. Plaintiff incorporated by reference all of the above paragraphs of this Complaint as though fully stated herein.

Class Action Complaint

56. Defendant's practices are misleading, unfair, and deceptive in violation of the California Consumer Legal Remedies Act, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1750, *et seq*.

57. As a result of engaging in such conduct, Defendant has violated Cal. Civ. Code § 1770(a)(29).

58. Defendant's conduct was likely to deceive, and did deceive, Plaintiff and reasonable consumers. Defendant knew, or should have known, through the exercise of reasonable care, that it is unlawful, unfair, and deceptive to advertise, display, or offer a price for a good or service that does not include all mandatory fees or charges.

59. Defendant's conduct of not disclosing the mandatory self-imposed "Service Fee" in a clear and conspicuous manner, with an explanation of its purpose when Defendant displays the price of the goods is intended to deceive Plaintiff and Class members to use Defendant's service under the false pretense of fair pricing only to charge a surprise "Service Fee" at checkout.

60. Defendant's unlawful, unfair, and deceptive practices were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Class members.

61. As a result of Defendant's violations, Plaintiff on behalf of herself and the Class, seek injunctive relief pursuant Cal. Civ. Code § 1780(a)(2).

62. Plaintiff and the Class are further entitled to amend this Complaint under Cal. Civ. Code § 1782(d) & (a). Should Defendant refuse to act in compliance with § 1782(c) under this title, Plaintiff and the Class intend to seek all available remedies under the law, including but not limited to § 1780.

63. CLRA §1782 NOTICE. On December 4, 2024, a CLRA demand letter was sent to Defendant's headquarters and Washington registered agent pursuant to the provision entitled "HOW TO SERVE A SUBPOENA OR OTHER LEGEL PROCESS" as outlined in Amazon's conditions of use via certified mail with

Class Action Complaint

return receipt requested. This letter provided notice of Defendant's violation of the CLRA and demanded that Defendant correct the unlawful, unfair, false, and/or deceptive practices alleged herein. If Defendant does not fully correct the unlawful practices for Plaintiff and each member of the proposed Class within 30 days of receipt, Plaintiff and the Class will seek all monetary relief allowed under the CLRA.

**COUNT II**

**CALIFORNIA'S UNFAIR COMPETITION LAW**

**CAL. BUS. & PROF. CODE § 17200,** *et seq.*

64. Plaintiff incorporated by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The UCL defines "unfair business competition" to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue, or misleading" advertising. The UCL imposes strict liability against those who violate the statute. Accordingly, under this cause of action, Plaintiff does not need to prove Amazon's conduct was intentional, only that such practices occurred.

**Amazon's Business Practices are "Unfair" Under the UCL**

66. Under the UCL, a business act or practice is "unfair" if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. Whether an act or practice is "unfair" is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the victims or consumers.

67. Amazon's business practices constitute "unfair" business practices because as stated above, Amazon's advertised prices were deceptive and misleading to consumers, as they did not include any disclosure or indication that consumers would be required to pay additional mandatory fees or charges on top of the price of the goods. Amazon's practices are against California's well-known public policy of transparent pricing and advertising.

13

68. The harm to the Plaintiff and Class members outweighs the utility of Amazon's practices. Amazon could reasonably disclose to consumers all mandatory fees and charges while displaying the cost of the individual goods for sale, or by including such fees in the costs of the goods themselves. Amazon's nondisclosure of such fees boosts sales for the company while taking advantage of many consumers.

**Amazon's Business Practices are "Fraudulent" Under the UCL**

69. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

70. The acts and practices of Amazon as alleged herein have deceived Plaintiff and are highly likely to deceive members of the consuming public. Plaintiff and consumers generally expect the cost of a service to be made known to them when beginning the process of purchase, specifically, when they first visit the store, website, or platform offering them a good or service. It is common practice to advertise additional fees that will be charged on top of the price for a good when advertising the price of that good.

71. Plaintiff and members of the consuming public who first visit Amazon for grocery delivery are unaware that the price they are seeing is not inclusive of all mandatory fees and charges. It is reasonably expected that such fees would be advertised or disclosed immediately to Plaintiff and the Class upon visiting locations of purchase for goods and services.

72. The advertised prices of the grocery items available on Amazon Fresh are enticing to consumers and likely to deceive them upon visiting Amazon Fresh's platforms, leading consumers to believe Amazon Fresh is an easier and cheaper alternative to grocery shopping.

**Amazon's Business Practices are "Unlawful" Under the UCL**

73. A business practice is "unlawful" under the UCL if it violates any other law or regulation.

74. Amazon's business practices as alleged herein are unlawful as they violate the CLRA as stated above.

75. Because the violation of any law constitutes an "unlawful" business practice under the UCL this requirement has been met.

76. Amazon's practices as detailed above have mislead Plaintiff and the proposed Class and will continue to mislead the consuming public should Amazon be permitted to continue such business practices. Consequently, Amazon's acts constitute an unlawful, fraudulent, and unfair business practice within the meaning of the UCL.

77. Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief for Amazon to cease their unfair business practices and any other available relief the Court may find appropriate consistent with Cal. Bus. & Prof. Code § 17200, *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Defendant:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class;
- Damages, including statutory, and punitive damages where applicable;
- Restitution;
- Injunctive relief and order enjoining Amazon from continuing the unlawful practices as set forth herein, and directing Amazon to remedy its violation by complying with the requirements as set forth under Cal. Civ. Code § 1782(c), including:
  - o Identifying all consumers similarly situated, or making a reasonable effort to identify such other consumers;

///

///

15

Class Action Complaint

1        o   Notifying all consumers so identified that upon their request Defendant

2           shall make the appropriate correction, repair, replacement, or other remedy

3           of the goods and services;

4        o   Requiring correction, repair, replacement, or other remedy requested by

5           the consumers to be given in a reasonable time; and

6        o   Ceasing immediately, or within a reasonable time, the unlawful methods,

7           acts, or practices as stated herein;

8   • Attorney's fees and costs; and

9   • Any other relief the Court may deem just and proper.

10  **TRIAL BY JURY**

11  78. Pursuant to the seventh amendment to the Constitution of the United States of

12        America, Plaintiff is entitled to, and hereby demands, a trial by jury.

13

14  Date:  December 5, 2024                    **SWIGART LAW GROUP, APC**

15

16                               By:  *s/ Joshua B. Swigart*

17                               Joshua B. Swigart, Esq.

18                               Josh@SwigartLawGroup.com

19                               Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

Class Action Complaint