Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
Spencer L. Pfeiff (SBN 343305)
Spencer@SwigartLawGroup.com
Jessica R. Pfeiff (SBN 351615)
Jessica@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 866-219-3343
F: 866-219-8344

*Attorneys for Plaintiff,
And all others similarly situated*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA ROMERO, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON.COM, INC., <br> Defendant. | Case No.: 24-cv-02273-H-DTF <br><br> Honorable Marilyn L. Huff <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Hearing Date: March 24, 2025 <br> Courtroom: 12A <br><br> **NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

# TABLE OF CONTENTS

II.  INTRODUCTION .................................................................................................1

III. STATEMENT OF FACTS ....................................................................................2

IV. LEGAL STANDARD............................................................................................3

V.  ARGUMENT.........................................................................................................4

   A. CALIFORNIA'S STRONG PUBLIC POLICY RELATED TO PLAINTIFF AND PUTATIVE CLAS MEMBERS CLAIMS...................4

      1. Plaintiff's claims under Cal. Civ. Code § 1770(a)(29) et seq, the "CLRA" ...........................................................................................5

      2. Plaintiff and putative class members claim under the Cal. Bus. & Prof. Code § 17200 et seq. ("UCL").............................................................7

   B. CALIFORNIA'S LOCAL INTEREST IN THE CONTROVERSY .........8

      1. California Court's Familiarity with California Law.............................9

      2. Local Interest in the Controversy ......................................................10

   C. THE COMBINED EFFECT OF THE DEFENDANT'S COU AND CHOICE OF LAW PROVISIONS WOULD CONTRAVENE CALIFORNIA PUBLIC POLICY .......................................................11

VI. CONCLUSION....................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Application Group, Inc. v. Hunter Group, Inc.*,
  61 Cal.App.4th 881 (1998) ................................................................................. 11

*Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*,
  571 U.S. 49 (2013) ..................................................................................... 3, 4, 11

*Bayol v. Zipcar, Inc.*,
  2014 WL 4793935 (N.D. Cal. Sept. 25, 2014) ................................................... 12

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999) ......................................................................................... 7

*Decker Coal Co., Commonwealth Edison Co.*,
  805 F.2d 834 ................................................................................................. 9, 10

*DePuy Synthes Sales Inc. v. Stryker Corp.*,
  2019 WL 1601384 (C.D. Cal. Feb. 5, 2019) ....................................................... 9

*Gemini Technologies, Inc. v. Smith & Wesson Corp.*,
  931 F.3d 911 (9th Cir. 2019) ............................................................................. 12

*Getz v. Boeing Co.*,
  547 F. Supp. 2d 1080 (N.D. Cal. 2008) ............................................................... 9

*In re Ferrero Litig.*,
  768 F. Supp 2d 1074 (S.D. Cal. 2011) ............................................................... 10

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) ............................................................................... 4

*Li v. Amazon.com Services LLC*,
  2023 WL 8720669 (N.D. Cal. Dec. 18, 2023) ................................................... 12

*Lightfoot v. MoneyonMobile, Inc.*,
  2019 WL 2476624 (N.D. Cal. Jun. 13, 2019) ...................................................... 4

*M/S Bremen v. Zapata Off-Shore Co.*,
  407 U.S. 1 (1972) ...................................................................................... 3, 9, 11

*McGill v. Citibank, N.A.*,
  2 Cal. 5th 945 (2017) ........................................................................................... 5

*Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.*,
  60 F.Supp.3d 1109 (2014) ................................................................................... 9

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981) ......................................................................................... 1, 3

*Stewart Org., Inc. v. Ricoh Corp.*,
  487 U.S. 22 (1988) ............................................................................................... 4

*Sun v. Advanced China Healthcare, Inc.*,
  901 F.3d (9th Cir. 2018) ............................................................................. 3, 4, 9

*Hangzhou Chic Intelligent Technology Co., Ltd. v. Swagway, LLC*,
  2017 WL 1425915 (N.D. Cal. Apr. 21, 2017) ........................................................ 9, 10
*Urista v. Wells Fargo & Co.*,
  2020 WL 7385847 (S.D. Cal. Dec. 16, 2020) ............................................................. 9

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................ 1, 2, 3, 4
Cal. Bus. & Prof. Code § 17200 ...................................................................................... 2, 7
Cal. Civ. Code § 1751 ..................................................................................................... 5, 7
Cal. Civ. Code § 1770(a)(29) ................................................................................... 2, 5, 6, 12

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................ 2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Mayra Romero ("Plaintiff") files this Memorandum in Opposition to Defendant Amazon.com, Inc. ("Defendant" or "Amazon")'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 17) ("Motion") because this action comprised of distinctly California claims reflective of California public policy and provides for a putative class of California residents.

### I. INTRODUCTION

Defendant's Motion to Transfer Venue to the Western District of Washington relies primarily on the forum selection clause in Amazon's Conditions of Use ("COU"). *See* Declaration of Joshua Swigart ("Decl. Swigart") ¶ 3, Exhibit A. However, this reliance overlooks critical facts: Plaintiff and the putative class members are California residents who suffered injuries in California due to Defendant's alleged misconduct, giving rise to California state-law claims. *See* FAC ¶¶ 1-9. Under 28 U.S.C. § 1404(a), this action is not suitable for transfer, as enforcing Defendant's COU would contravene California's strong public policy of, and local interest in, protecting its consumers.

California has demonstrated a strong interest in safeguarding the rights of its residents, particularly regarding consumer protection laws. This interest is amplified by recent amendments to the California Consumer Legal Remedies Act ("CLRA"), effective July 1, 2024, which address the inclusion of hidden mandatory fees. Unlike California, Washington has no equivalent statute offering similar protections to California consumers. Transferring venue to the Western District of Washington would not only undermine California's public policy but also increase the likelihood that Defendant could seek the application of Washington law to Plaintiff's California state-law claims, exploiting the choice-of-law provision in the COU.

Moreover, Defendant's COU, when considered alongside its choice-of-law provision, collectively undermines California's legal protections. Public-interest factors under § 1404(a) further weigh against transfer, as California has a "local interest in having localized controversies decided at home." *Piper Aircraft Co. v. Reyno*, 454 U.S.

*235, 241, n.6 (1981)*. It would be inappropriate to require a foreign venue to adjudicate California state-law claims brought by California residents, especially when one of the claims involves a recently enacted California statute.

The relevant factors and considerations heavily oppose transferring this action to the Western District of Washington. Plaintiff will demonstrate that this case should remain in the Southern District of California despite Defendant's forum selection clause. Therefore, Plaintiff respectfully requests that this Court deny Defendant's Motion to Transfer Venue.

**II.    STATEMENT OF FACTS**

In her First Amended Complaint ("FAC"), Plaintiff Mayra Romero, suing on behalf of herself and all other similarly situated individuals, alleges that Amazon violated California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770(a)(29) and Unfair Competition Laws ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, by failing to include a mandatory "Service Fee" in the advertised prices offered for the individual products on Amazon Fresh and by failing to clearly and conspicuously display that mandatory fee "with an explanation of its purpose" on webpages containing the advertised grocery item prices. *See* FAC ¶¶ 1-9, 18-43, 59-81.

In response, Defendant Amazon.com, Inc. ("Amazon") has filed: (i) a motion to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6); (ii) in support of that motion, a request for judicial notice of, among other things, various screenshots from Amazon's own webpages as of mid-to-late January 2025; and a motion for change of venue pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 17, 18). Amazon seeks to transfer venue to the Western District of Washington based on a forum selection provision in Amazon's Conditions of Use ("COU"). *See* Decl. Swigart ¶ 3, Exhibit A. Defendant's COU states "[a]ny dispute or claim relating in any way to [Plaintiff's] use of any Amazon Service" must be "adjudicated in the state of Federal Courts in King County, Washington." See Def. Mot. to Transfer Venue Mem. at 1-2, 6-25.

///

### III. LEGAL STANDARD

Motions to transfer venue are governed by 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

Where there is a forum selection clause in the contract, the legal standard is primarily governed by the Supreme Court's decision in *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas, 571 U.S. 49 (2013).* According to this decision, the presence of a valid forum selection clause alters the usual analysis under *28 U.S. Section 1404* (a) in several significant ways. First, Plaintiff's choice of forum is no longer given substantial weight. *Id. at 51.* Instead, the burden shifts to the plaintiff to show "that transfer to the forum for which the parties bargained is unwarranted." *Id.* This involves Plaintiff establishing that "extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id. at 50-51.*

To satisfy the burden Plaintiffs must make a "strong showing" that (1) fraud or overreaching invalidates the forum-selection clause, (2) strong public policy of the suit's forum contravenes enforcement, or (3) "'trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposed be deprived of his day in court.'" *Sun v. Advanced China Healthcare, Inc., 901 F.3d 1088 (9th Cir. 2018) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)) (alteration in original).*

Next, in deciding whether the action should be transferred under *28 U.S. Section 1404* (a) the court is to only consider public interest factors as opposed to private-interest factors under a regular *1404 (a)* analysis. *Piper Aircraft Co., 454 U.S. at 241.* The plaintiff must demonstrate that the public interest factors overwhelmingly disfavor the transfer. Plaintiff can both satisfy her burden of a "strong showing" of California public policy related to this action and show that California's substantial local interest

in the matter strongly opposes transferring the action to the Western District of Washington.

## IV. ARGUMENT

A motion to transfer is within the broad discretion of the district court and is determined on a case-by-case basis. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The Supreme Court has held that a valid forum-selection clause should be "given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co., 571 U.S. at* 49, 60 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

Plaintiff contends that this case is "exceptional" because she intends to pursue exclusively state-law claims on behalf of herself and the putative class members. Under 28 U.S.C. § 1404(a), the Court should deny Defendant's Motion to Transfer this action to the Western District of Washington because: (1) Plaintiff can make the required "strong showing" of California's public policy relevant to the action, (2) California has a significant local interest in the controversy, and (3) the combined effect of enforcing Defendant's COU and choice-of-law provision would undermine California public policy.

### A. CALIFORNIA'S STRONG PUBLIC POLICY RELATED TO PLAINTIFF AND PUTATIVE CLASS MEMBERS CLAIMS

Defendant incorrectly argues that Plaintiff cannot show that enforcing the forum-selection clause and transferring this case to the Western District of Washington would not contravene a strong public policy of California. See Def. Mot. To Transfer Venue Mem. at 15, 19-28. Relying on *Sun v. Advanced China Healthcare, Inc., 901 F.3d 1088, 1090 (9th Cir. 2018)*, and *Lightfoot v. MoneyonMobile, Inc., No. 18-cv-07123-YGR, 2019 WL 2476624, at \*8 (N.D. Cal. Jun. 13, 2019)*, Defendant contends that Plaintiff must identify a statute or judicial decision explicitly stating such a public policy and that no such authority "tethered to venue" exists. Because Plaintiff's claims are related

to the newly enacted amendments to the CLRA and California's UCL and she therefore meets the required burden as explained below.

### 1. Plaintiff's claims under Cal. Civ. Code § 1770(a)(29) et. seq. the "CLRA"

Defendant's argument fails to acknowledge that California has a well-established and compelling public policy interest in protecting its consumers through the Consumer Legal Remedies Act ("CLRA"). The "Legislature enacted the CLRA, '"to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."' *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 954 (2017) (quoting Civ. Code, § 1760). Cal. Civ. Code § 1751 provides "[a]ny waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void". Here, Defendant's forum-selection and choice of law clauses risk undermining the legislative intent of the CLRA by allowing Washington law to govern, which could result in the waiver of California consumer rights in direct violation of the statute.

Further, the recent amendments to the CLRA, effective July 1, 2024, explicitly address the issue of hidden mandatory fees, reflecting California's heightened commitment to safeguarding consumers from deceptive pricing practices. (*see* Cal. Civ. Code § 1770(a)(29)). This legislative update demonstrates California's proactive stance in enhancing consumer protections against deceptive pricing practices, a policy not mirrored in Washington law. Transferring venue to the Western District of Washington would undermine California's public policy objectives and create a substantial risk that Washington law, which lacks an equivalent consumer protection statute, could be applied to Plaintiff's California state-law claims. Such a result would not only contravene California's public policy but also dilute the protections that the CLRA is meant to provide to California consumers.

California has a compelling and well-established interest in adjudicating claims under its Consumer Legal Remedies Act ("CLRA"), particularly when the alleged

conduct directly impacts its residents. The CLRA is specifically designed to protect California consumers from deceptive business practices, including the concealment of mandatory fees that could mislead consumers regarding the true cost of goods and services. In this case, Plaintiff alleges that Amazon violated the CLRA by failing to include a mandatory "Service Fee" in the advertised prices for products on Amazon Fresh and by not clearly and conspicuously disclosing this fee "with an explanation of its purpose" on relevant webpages (FAC ¶¶ 1-9, 18-43, 59-81).

Moreover, California has a significant interest in ensuring that companies conducting business within its jurisdiction adhere to its consumer protection laws. Amazon's extensive business operations in California, including the marketing and sale of products through Amazon Fresh to California residents, including brick and mortar Amazon Fresh locations in California as close as Poway, California, establish a clear nexus between the alleged misconduct and the state. *See* Decl. Swigart ¶ 4. According to Amazon.com's website, there are 63 Amazon Fresh locations nationwide, with 25 of those locations in California. *See* Decl. Swigart ¶ 5, Exhibit B. Therefore, Amazon Fresh stores in California make up 40% of all Amazon Fresh stores nationwide. *See* Decl. Swigart ¶ 5, Exhibit B. In comparison, there are only four Amazon Fresh stores in Washington state. *See* Decl. Swigart ¶ 5, Exhibit B. Consequently, California has a vested interest in adjudicating this dispute to enforce its laws, protect its consumers, and maintain fair business practices within its marketplace.

The recent amendments to the California Consumer Legal Remedies Act ("CLRA"), which became effective on July 1, 2024, specifically address the issue of hidden mandatory fees. (*see* Cal. Civ. Code § 1770(a)(29)). However, because these amendments are so new, there is no established body of case law interpreting or applying them. As a result, no other Court outside of California has had the opportunity to analyze or develop legal standards related to these amendments.

This lack of precedent means that other jurisdictions are not equipped to interpret the nuances of the amended CLRA provisions. In contrast, California courts have a

6
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

unique interest to develop the necessary legal framework for these amendments, ensuring consistent application that aligns with the legislative intent as they ultimately affect the state consumers. Cal. Civ. Code § 1751 specifically prohibits waiver of the CLRA's protections. Allowing a non-California court to interpret these newly enacted provisions would risk inconsistent rulings and undermine the purpose of the statutes and relevant amendments designed to protect California consumers from deceptive pricing practices. Therefore, because California courts are best positioned to set the interpretive precedent for these recent amendments, this court should retain jurisdiction over the matter.

### 2. Plaintiff and putative class members claim under the Cal. Bus. & Prof Code § 17200 et seq. ("UCL")

Defendant's argument also fails to acknowledge California's well-established and compelling public policy interest in protecting consumers through Cal. Bus. & Prof Code § 17200 et seq., its Unfair Competition Law ("UCL"), which is one of the most expansive and robust consumer protection statutes in the nation. California's UCL is intentionally broad in scope, designed to address wrongful business conduct "in whatever context such activity might occur." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 181 (1999).* The California Legislature specifically framed the UCL with sweeping language to allow courts to address "innumerable new schemes which the fertility of man's invention would contrive." *Id.* This legislative choice underscores California's proactive stance on consumer protection and its intent to provide broad remedies for unfair, unlawful, and fraudulent business practices.

The alleged misconduct in this case—failing to disclose mandatory service fees in advertised prices—falls squarely within the scope of the UCL's protections. California has a substantial interest in regulating deceptive pricing practices to protect its consumers from misleading advertisements and to promote fair competition. Allowing this case to be transferred to Washington would undermine California's

ability to enforce its public policy objectives under the UCL, particularly because Washington law does not offer equivalent protections.

Contrary to Defendant's assertion, California's public policy interest in enforcing the UCL is "specifically tethered to venue" because the alleged deceptive conduct impacted California consumers within California's jurisdiction. The UCL is specifically designed to protect Californians from unfair business practices conducted within the state. Transferring this case would not only contravene California's public policy but also create a substantial risk that Washington law, which lacks the UCL's comprehensive protections, could be applied, thereby diluting the safeguards the UCL is meant to provide.

Furthermore, California courts have a significant interest in interpreting and developing the legal standards under the UCL, particularly when the alleged misconduct affects California residents. Allowing a Washington court to adjudicate claims under California's UCL would risk inconsistent application and undermine the California Legislature's intent to provide expansive consumer protections.

Therefore, because the CLRA the UCL embody a strong public policy interest in protecting California consumers from deceptive business practices, enforcing the forum-selection clause would further contravene California's well-established public policy objectives. This case should remain in California to ensure the effective enforcement of the CLRA and UCL and the protection of California consumers.

### B.   CALIFORNIA'S LOCAL INTEREST IN THE CONTROVERSY

To prevent transfer, the plaintiff must demonstrate that these public-interest factors overwhelmingly disfavor the proposed venue change. Here, the relevant public-interest considerations—particularly the local interest in resolving California-centric disputes within California and the Southern District of California's familiarity with the state's consumer protection laws—strongly weigh against transfer to the Western District of Washington. "[T]his factor takes into account the current and transferee forum's interest 'in having localized controversies decided at home[.]'" *Hangzhou Chic*

*Intelligent Tech. Co.v. Swagway, LLC*, No. 16-cv-04804-HSG, 2017 WL 1425915, at *4 (N.D. Cal. Apr. 21, 2017) (quoting *Decker Coal Co.*, 805 F.2d at 843).

As Defendant references in his motion, Plaintiff' must make a "strong showing" that (1) fraud or overreaching invalidates the forum-selection clause, (2) strong public policy of the suit's forum contravenes enforcement, or (3) "'trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposed be deprived of his day in court.'" *Sun*, 901 F.3d at 1088 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)) (alteration in original). Plaintiff acknowledges that this is a challenging standard to meet. *Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.*, 60 F.Supp.3d 1109, 1120 (2014). Plaintiff is able to meet this burden because of California's strong public policy related to consumer protection.

### 1.     California Courts' Familiarity with California Law

A federal court sitting in California is indisputably more familiar with California law than courts in other states. See *Getz v. Boeing Co.*, 547 F. Supp. 2d 1080, 1085 (N.D. Cal. 2008). Here, Plaintiff's claims are brought exclusively under California's statutory and common laws governing consumer price transparency. These claims have no connection to Washington, nor is there an equivalent Washington statute that offers comparable protections to California consumers.

California has a significant interest in having its consumer protection statutes interpreted by a court within the state, particularly given the complexity and novelty of the issues presented. The Southern District of California's expertise in California law makes it the more appropriate venue for adjudicating these claims. See *Urista v. Wells Fargo & Co.*, No. 20-CV-01689-H-AHG, 2020 WL 7385847, at *3 (S.D. Cal. Dec. 16, 2020) ("this case primarily deals with California law, with which this Court is likely to be more familiar"); *DePuy Synthes Sales Inc. v. Stryker Corp.*, No. 18 CV 1557, 2019 WL 1601384, at *5 (C.D. Cal. Feb. 5, 2019) (recognizing that this factor weighed

9
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

slightly against transfer because "this district is more familiar with the state laws underlying the California claims.").

While courts in the Western District of Washington are competent to apply California law, "[a] California district court is more familiar with California law than district courts in other states." *In re Ferrero Litig.*, 768 F. Supp 2d 1074, 1081 (S.D. Cal. 2011). This is particularly significant here because the issues presented are novel, complex, and specialized. California's Consumer Legal Remedies Act (CLRA) took effect on July 1, 2024—less than seven months ago. As previously discussed, given the recent enactment of the CLRA's amendments, there is limited precedent interpreting the statute. Additionally, California consumers are uniquely impacted by out-of-state businesses engaging in deceptive pricing practices, such as "bait and switch" pricing schemes. This is exactly what recent amendments to the CLRA are designed to prevent. These considerations underscore the importance of having a California federal court interpret and apply the relevant California statutes.

### 2. Local Interest in the Controversy

California's interest in this controversy further supports retaining the case in the Southern District of California. All named Plaintiffs and putative Class Members reside in California, and a substantial part of the alleged harm occurred in the Southern District of California. *See* Decl. Swigart ¶ 6. Defendant downplays its significant ties to California, despite the fact that nearly half of all its Amazon Fresh stores are located in the state. *See* Decl. Swigart ¶ 5, Exhibit B. California has a compelling interest in adjudicating claims that directly impact its residents and involve alleged violations of its consumer protection laws.

This factor aligns with the principle that "localized controversies should be decided at home." See *Hangzhou Chic Intelligent Tech. Co. v. Swagway, LLC*, No. 16-cv-04804-HSG, 2017 WL 1425915, at *4 (N.D. Cal. Apr. 21, 2017) (quoting *Decker Coal Co.* v. *Commonwealth Edison Co.*, 805 F.2d 834, 843). Given California's strong connection to the parties, the claims, and the alleged harm, the Southern District of

California is the most appropriate and convenient forum for resolving this dispute. Accordingly, both the familiarity with California law and the local interest in the controversy weigh heavily against transfer to the Western District of Washington.

### C. THE COMBINED EFFECT OF THE DEFENDANT'S COU AND CHOICE-OF-LAW PROVISIONS WOULD CONTRAVENE CALIFORNIA PUBLIC POLICY

A transfer of venue under § 1404(a) based on a forum selection clause will not carry with it the original venue's choice-of-law rules. *Atlantic Marine Construction Co. 571 U.S. 49 at 51*. However, here, Defendant also has a choice-of-law provision in its COU. *See* Decl. Swigart ¶ 3, Exhibit A. The choice-of-law and forum selection provisions in Amazon's COU is not dispositive here. Although, as a general rule, California federal and state courts will abide by contractual choice-of-law and choice-of-forum provisions, there is an important exception that is applicable here and that Amazon makes no effort to address (namely, that application of those provisions would contravene California public policy as reflected in the hidden fee amendments to the CLRA that went into effect on July 1, 2024). *See* Def. Mot. to Dismiss Mem. at 11-12; Def. Mot. to Transfer Venue Mem. at 18.

Specifically, California courts will disregard an express choice-of-law provision where, as here, the application of the law of the chosen state would be contrary to a fundamental policy of California and California has a materially greater interest in the determination of the particular issue. S*ee Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal.App.4th 881, 898–99 (1998) ("[A] court can decline to enforce the parties' contractual choice-of-law provision only if the interests of the forum state are 'materially greater' than those of the chosen state, and the forum state's interests would be more seriously impaired by enforcement of the parties' contractual choice-of-law provision than would the interests of the chosen state by application of the law of the forum state.").

Likewise, "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Bremen v. Zapata Off–*

1 *Shore Co.*, 407 U.S. 1, 15 (1972).  *See also Gemini Technologies, Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 916 (9th Cir. 2019) ("We . . . take this opportunity to clarify that satisfaction of Bremen's public policy factor continues to suffice to render a forum-selection clause unenforceable.").

Furthermore, this Court should consider *the combined effect* of Amazon's forum selection and choice-of-law provisions rather than viewing those provisions in isolation. *See Bayol v. Zipcar, Inc.*, 2014 WL 4793935, at *2 (N.D. Cal. Sept. 25, 2014) (holding that it was "clear that [the court] can consider the combined effect of forum selection and choice of law clauses," and that "if transferring venue would also likely lead to the application of Massachusetts law, there would be a greater chance that enforcement of the forum selection clause will contravene California policy"); *Li v. Amazon.com Services LLC*, 2023 WL 8720669, at *4-5 (N.D. Cal. Dec. 18, 2023) (concluding that "Bayol is persuasive" on the point that courts should "consider[ ] the forum selection clause together with the choice of law clause").

In this case, California law is far more protective than Washington law of the rights of California consumers with respect to the inclusion of hidden mandatory fees, as reflected in the recent amendments to the CLRA (*see* Cal. Civ. Code § 1770(a)(29)) as well as the legislative history explaining their purpose.  Amazon cites cases pre-dating those amendments in support of the assertion that Washington and California have substantially similar consumer protection laws (Def. Mot. to Dismiss Mem. at 11-12), and Amazon blankly contends that "California's interest in this action is no greater than the interest of Washington" because Amazon has its principal place of business in Washington and California has little interest in deterring future wrongdoing by an out-of-state defendant.  *See* Def. Mot. to Transfer Venue Mem. at 18.  This ignores the fact that there is no equivalent Washington statute providing the same protections against hidden fee practices to California consumers that are currently offered under the CLRA and upon which this action is predicated.  There can therefore be no question that

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

California's interest in the determination of the dispute over Amazon's alleged hidden mandatory fees consequently outweighs Washington's interest.

However, the probability that that choice-of-law provision will nevertheless be enforced markedly increases if Amazon is able to have the action transferred to the Western District of Washington under the COU's forum selection provision.  If the Court were to grant Amazon's request for a transfer either before or after ruling on Amazon's motion to dismiss, Amazon would almost certainly file a similar motion to dismiss asking the Western District of Washington to enforce the choice-of-law provision.  It is far less likely that that Western District of Washington would apply California state law, including the CLRA's recent amendments targeting hidden pricing practices such as the ones alleged in this case.  Accordingly, the forum selection provision in Amazon's COU, taken together with the choice-of-law provision, contravenes California's strong public policy and is therefore unenforceable.

## V. CONCLUSION

Because California has a significant public policy interest in adjudicating this matter within the State, the novelty of the CLRA provision at issue, the location of Plaintiff and the proposed class, as well as all other reasons stated herein, Plaintiff respectfully requests that Defendant's Motion to Transfer Venue be denied.

Date:  March 2, 2025

SWIGART LAW GROUP, APC

By:  *s/ Joshua B. Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com

Attorneys for Plaintiff