Kevin S. Asfour (SBN 228993)
kevin.asfour@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California  90067
Telephone: (310) 552-5000
Facsimile:  (310) 552-5001

[*Additional counsel listed below*]

Attorneys for Defendant
Amazon.com, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA ROMERO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | Case No. 3:24-cv-02273-H-DTF<br><br>**DEFENDANT AMAZON.COM, INC.'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE**<br><br>Date:          March 24, 2025<br>Time:          10:30 a.m.<br>Courtroom: 12A<br>Judge:         Hon. Marilyn L. Huff<br>Trial Date:  None Set<br>Case Filed:  December 5, 2024 |

# TABLE OF CONTENTS

Page

I. ARGUMENT ..................................................................................................... 1

    A. Plaintiff Does Not Dispute that the COUs Are Binding or that the Forum-Selection Clause Applies to Her Claims ........................................... 1

    B. The Forum-Selection Clause Is Enforceable; Plaintiff's Contrary Arguments Fall Short of Her Heavy Burden to Defeat Transfer ................ 1

        1. Enforcement of the forum-selection clause would not violate a strong public policy of the State of California .............................. 2

            a. Plaintiff's reliance on the COUs' choice-of-law provision is misplaced and does not defeat transfer ............... 2

            b. Plaintiff's other public policy arguments lack merit and should be rejected out of hand ......................................... 5

        2. Plaintiff has not met her burden to show that the § 1404(a) public-interest factors overwhelmingly disfavor transfer ................. 6

            a. This Court's familiarity with California law does not overwhelmingly disfavor transfer ........................................... 7

            b. California's alleged local interest in this action does not overwhelmingly disfavor transfer .................................... 8

II. CONCLUSION ................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*,
 571 U.S. 49 (2013) ...........................................................................................*passim*

*Balducci v. Congo, Ltd.*,
 No. 17-cv-04062-KAW, 2017 WL 4176464 (N.D. Cal. Sept. 21, 2017) ................................................................................................................... 3

*Bayol v. Zipcar*,
 No. 14-cv-02483-THE, 2014 WL 4793935 (N.D. Cal. Sept. 25, 2014) ................................................................................................................ 3, 4

*Bernal v. Kohl's Corp.*,
 No. ED CV 23-1779 PA, 2023 WL 8008977 (C.D. Cal. Nov. 17, 2023) ................................................................................................................ 2, 5

*Cole v. Amazon.com Servs. LLC*,
 No. 2:24-cv-03709-AB-AJR, 2024 WL 3740097 (C.D. Cal. July 26, 2024) ................................................................................................................. 8

*DePuy Synthes Sales Inc. v. Stryker Corp.*,
 No. ED CV 18-1557 FMO, 2019 WL 1601384 (C.D. Cal. Feb. 5, 2019) ....................................................................................................................... 8

*Ewing v. Isaac*,
 No. 22-CV-1009 JLS (MDD), 2022 WL 17254757 (S.D. Cal. Nov. 28, 2022) .................................................................................................................. 1

*In re Ferrero Litig.*,
 768 F. Supp. 2d 1074 (S.D. Cal. 2011) .................................................................. 8

*Getz v. Boeing Co.*,
 547 F. Supp. 2d 1080 (S.D. Cal. 2008) .................................................................. 8

*Hangzhou Chic Intelligent Tech. Co., Ltd. v. Swagway, LLC*,
 No. 16-cv-04804-HSG, 2017 WL 1425915 (N.D. Cal. Apr. 21, 2017) ................................................................................................................... 9

*Heinz v. Amazon.com, Inc.*,
  No. 2:23-cv-00282 WBS AC, 2023 WL 4466904 (E.D. Cal. July
  11, 2023) .................................................................................................... 1, 6, 9

*Huddleston v. John Christner Trucking, LLC*,
  No. 1:17-cv-00925-LJO-SAB, 2017 WL 4310348 (E.D. Cal. Sept.
  28, 2017) ................................................................................................................ 9

*Li v. Amazon.com Servs. LLC*,
  No. 23-cv-00441-AMO, 2023 WL 8720669 (N.D. Cal. Dec. 18,
  2023) ................................................................................................................. 3, 4

*Lightfoot v. MoneyonMobile, Inc.*,
  No. 18-cv-07123-YGR, 2019 WL 2476624 (N.D. Cal. Jun. 13,
  2019) ................................................................................................................... 9

*Montoya v. Ariba Inc.*,
  No. 8:22-cv-01861-FWS-JDE, 2023 WL 2368701 (C.D. Cal. Mar.
  6, 2023) ................................................................................................................ 3

*Nail v. Lens.com, Inc.*,
  No. 2:24-cv-02531-SB-E, 2024 WL 3723912 (C.D. Cal. Jun. 20,
  2024) ................................................................................................................... 4

*Plumleigh v. Metro. Fine Arts & Antiques Inc.*,
  No. SACV 14-1721-JLS, 2015 WL 13918387 (C.D. Cal. Jan. 21,
  2015) ................................................................................................................... 7

*Rochfort v. EF Inst. for Cultural Exch., Inc.*,
  No. 3:20-cv-00508-GPC-BLM, 2020 WL 12833951 (S.D. Cal.
  Sept. 8, 2020) ...................................................................................................... 5

*Ross v. Beauty Supply Inst., LLC*,
  No. 2:20-cv-10616-SB-PVC, 2021 WL 2639041 (C.D. Cal. Jan. 26,
  2021) ................................................................................................................... 5

*Sawyer v. Bill Me Later, Inc.*,
  No. CV 10-04461 SJO, 2011 WL 7718723 (C.D. Cal. Oct. 21,
  2011) ................................................................................................................... 3

*Stability Sols., LLC v. Medacta USA, Inc.*,
  No. 22-cv-07412-LB, 2023 WL 350546 (N.D. Cal. Jan. 20, 2023) ..................... 5

*Sun v. Advanced China Healthcare, Inc.*,
   901 F.3d 1081 (9th Cir. 2018) ............................................................................. 2, 4, 5, 6

*Tabizon v. Covenant Transport, Inc.*,
   No. CV 18-10147 PA, 2019 WL 13244522 (C.D. Cal. Feb. 22,
   2019) ................................................................................................................................ 3

*Urista v. Wells Fargo & Co.*,
   No. 20-cv-01689-H-AHG, 2020 WL 7385847 (S.D. Cal. Dec. 16,
   2020) ................................................................................................................................ 8

*Weber v. Amazon.com, Inc.*,
   No. CV 17-8868-GW(Ex), 2018 WL 6016975 (C.D. Cal. Jun. 4,
   2018) ................................................................................................................................ 6

*Wiseley v. Amazon.com, Inc.*,
   709 F. App'x 862 (9th Cir. 2017) ..................................................................................... 6

**Statutes**

28 U.S.C. § 1404(a) ............................................................................................................ 2, 6, 7

**Other Authorities**

Rule 8(a) ....................................................................................................................................... 7

Amazon's Motion to Transfer demonstrates that the Court should enforce the forum-selection clause contained in Amazon's Conditions of Use ("COUs") and transfer this action to the U.S. District Court for the Western District of Washington. Nothing in Plaintiff's Opposition ("Opp.") dictates a contrary outcome.

## I.  ARGUMENT

### A.  Plaintiff Does Not Dispute that the COUs Are Binding or that the Forum-Selection Clause Applies to Her Claims

Amazon's Motion to Transfer shows that: (1) the COUs constitute a binding and enforceable contract between Amazon and Plaintiff (Memo. at 7–11); (2) the COUs contain a forum-selection clause (*id.* at 5); and (3) Plaintiff's claims fall within the scope of the forum-selection clause (*id.* at 12–13). Plaintiff does not contest these points and, thus, has conceded them. *See Ewing v. Isaac*, No. 22-CV-1009 JLS (MDD), 2022 WL 17254757, at *6 (S.D. Cal. Nov. 28, 2022) (finding a plaintiff "essentially concedes the issue" where she "does not meaningfully respond to [an] argument" in defendant's motion).

Accordingly, the forum-selection clause is presumptively valid and entitled to "controlling weight." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013) (internal quotation marks omitted). This all but ends the analysis because, as the U.S. Supreme Court instructs, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id.* at 62; *see also Heinz v. Amazon.com, Inc.*, No. 2:23-cv-00282 WBS AC, 2023 WL 4466904, at *2 (E.D. Cal. July 11, 2023) ("Forum selection clauses are presumptively valid and should be honored absent some compelling and countervailing reason." (internal quotation marks omitted)).

### B.  The Forum-Selection Clause Is Enforceable; Plaintiff's Contrary Arguments Fall Short of Her Heavy Burden to Defeat Transfer

Amazon's Motion demonstrates that the forum-selection clause is enforceable under governing Supreme Court and Ninth Circuit law. (Memo. at 13–19). In response, Plaintiff offers only two arguments: (1) that transfer may violate a strong

public policy of California; and (2) that the public interest factors of 28 U.S.C. § 1404(a) weigh against transfer because of California's local interest in Plaintiff's claims.[1]  Neither argument satisfies Plaintiff's "heavy burden of showing the sort of ***exceptional circumstances*** that would justify disregarding a forum-selection clause[.]" *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1084 (9th Cir. 2018) (emphasis added); *see also Atl. Marine Constr.*, 571 U.S. at 52 (explaining that, to prevent transfer, a plaintiff must prove that "***extraordinary circumstances*** unrelated to the convenience of the parties ***clearly disfavor*** a transfer" (emphasis added)).

### 1.   *Enforcement of the forum-selection clause would not violate a strong public policy of the State of California*

To defeat a forum-selection clause on public policy grounds, Plaintiff must make "a strong showing" that "enforcement would contravene a strong public policy of [California] . . . , whether declared by statute or by judicial decision[.]" *Sun*, 901 F.3d at 1088 (internal quotation marks omitted).  In addition, the statute or judicial decision relied upon must clearly state a strong public policy ***and*** be specifically tethered to venue. *See*, *e.g.*, *Bernal v. Kohl's Corp.*, No. ED CV 23-1779 PA (SHKx), 2023 WL 8008977, at *5 (C.D. Cal. Nov. 17, 2023) ("Absent a total foreclosure of remedy in the transferee forum, a forum-selection clause is only unreasonable when it contravenes a policy specifically related to venue." (internal quotation marks omitted)).  Plaintiff's arguments fall well short of her burden.

### a.   **Plaintiff's reliance on the COUs' choice-of-law provision is misplaced and does not defeat transfer**

Plaintiff argues that enforcement of the forum-selection clause would contravene California public policy because the transferee court ***might*** dismiss Plaintiff's CLRA and UCL claims in favor of the COUs' Washington choice-of-law

---

[1] Plaintiff does not argue that the forum-selection clause resulted from "fraud or overreaching" or that a trial in Washington would "be so gravely difficult and inconvenient that [she] will for all practical purposes be deprived of h[er] day in court." (Opp. at 3–4 (citing the *Bremen* factors)).

1  provision. (Opp. at 4–8, 11–13). But this argument conflates enforcement of the
2  choice-of-law provision with enforcement of the forum-selection clause, and courts
3  regularly reject such arguments on a motion to transfer. *See, e.g.*, *Montoya v. Ariba*
4  *Inc.*, No. 8:22-cv-01861-FWS-JDE, 2023 WL 2368701, at *9 (C.D. Cal. Mar. 6,
5  2023) (rejecting arguments "concern[ing] choice of law rather than forum selection
6  issues" as such arguments "are properly reserved for the court hearing the merits of
7  this case"); *Balducci v. Congo, Ltd.*, No. 17-cv-04062-KAW, 2017 WL 4176464, at
8  *5 (N.D. Cal. Sept. 21, 2017) ("Reliance on choice of law . . . is insufficient to show
9  that the forum selection clause is invalid."); *Sawyer v. Bill Me Later, Inc.*, No. CV
10 10-04461 SJO (JCGx), 2011 WL 7718723, at *6 (C.D. Cal. Oct. 21, 2011) (finding
11 forum-selection clauses should be treated as "separate and distinct from choice of
12 law provisions that are not before the court" (internal quotation marks omitted)). As
13 one such court noted, "courts in the Ninth Circuit have generally agreed that the
14 choice-of-law analysis is irrelevant to determining if the enforcement of a forum
15 selection clause contravenes a strong public policy." *Tabizon v. Covenant Transport,*
16 *Inc.*, No. CV 18-10147 PA (PJWx), 2019 WL 13244522, at *5 (C.D. Cal. Feb. 22,
17 2019) (internal quotation marks omitted).

18 　　　Plaintiff disagrees, and points to two cases in which district courts considered
19 the combined effect of a forum-selection clause and choice-of-law provision,
20 specifically where the operative statute (the CLRA) contained an anti-waiver
21 provision. (Opp. at 12) (citing *Li v. Amazon.com Servs. LLC*, No. 23-cv-00441-
22 AMO, 2023 WL 8720669 (N.D. Cal. Dec. 18, 2023); *Bayol v. Zipcar*, No. 14-cv-
23 02483-THE, 2014 WL 4793935 (N.D. Cal. Sept. 25, 2014)). While Plaintiff points
24 to the same CLRA anti-waiver provision here, neither *Bayol* nor *Li* supports
25 Plaintiff's opposition to transfer.

26 　　　First, the *Li* court **granted** Amazon's motion to transfer to Washington federal
27 court based on the very same forum-selection clause at issue here. *See Li*, 2023 WL
28 8720669, at *5–6 (enforcing forum-selection clause in an earlier, substantially

similar version of the Amazon COUs governing Plaintiff's claims in the present case). This Court should follow the *Li* court's lead.

Second, the decision to consider the impact of the choice-of-law provision on the transfer analysis in both *Li* and *Bayol* rested on outdated case law. Indeed, *Bayol* relies solely on cases that pre-date the Supreme Court's 2013 decision in *Atlantic Marine*, in which the Court set forth the approach for analyzing forum-selection clauses and clarified the heavy burden on plaintiffs to avoid transfer, and *Li* relies entirely on *Bayol*. *See Bayol*, 2014 WL 4793935, at *2–3; *Li*, 2023 WL 8720669, at *4–5. In addition, *Bayol* pre-dated, and *Li* did not address, the contrary district court authority cited above or the Ninth Circuit's 2018 instruction that "an antiwaiver provision by itself does not supersede a forum-selection clause[.]" *Sun*, 901 F.3d at 1090 (reasoning that "the strong federal policy in favor of enforcing forum-selection clauses would supersede antiwaiver provisions in state statutes"); *see also Nail v. Lens.com, Inc.*, No. 2:24-cv-02531-SB-E, 2024 WL 3723912, at *5 n.3 (C.D. Cal. Jun. 20, 2024) ("Although the CLRA has an antiwaiver provision, such a provision does not necessarily preclude transferring the case to a different forum.").

Finally, even if the Court considers choice-of-law issues and the CLRA's anti-waiver provision, Plaintiff here fails to make a strong showing that the Western District of Washington "would likely not enforce [those] unwaivable rights." *Li*, 2023 WL 8720669, at *5–6 (finding that such a showing is necessary to demonstrate the "exceptional circumstances" necessary to defeat transfer). Plaintiff offers only speculation—without any authority—that, after transfer, Washington law "could be applied" and that "[i]t is far less likely that the Western District of Washington would apply California state law." (Opp. at 5, 13). As the *Li* court found, such conclusory assertions are "insufficient" to show "that the transferee court will not uphold Plaintiffs' non-waivable CLRA rights" and thus do not "justify not enforcing the forum selection clause." *Li*, 2023 WL 8720669, at *6 (rejecting plaintiffs' unsupported assertion that if transferred, "a Washington court *would almost certainly*

. . . enforce the [Amazon conditions of use] by applying Washington law").

For these reasons, the Court should reject Plaintiff's choice-of-law based arguments.[2]

### b. Plaintiff's other public policy arguments lack merit and should be rejected out of hand

Plaintiff also suggests that enforcement of the forum-selection clause would contravene public policy simply because California has an interest in enforcing its laws, protecting its citizens, and deterring wrongful conduct within its borders. (Opp. 5–8). These ordinary state interests—which are undoubtedly applicable to every state in the country—are plainly not "extraordinary" or "exceptional" and do not "clearly disfavor" transfer. *See Atl. Marine Constr.*, 571 U.S. at 52; *Sun*, 901 F.3d at 1088. If such ordinary state policy interests could defeat transfer, few, if any, forum-selection clauses would survive, and Plaintiff's theory would eviscerate "the strong federal policy in favor of enforcing forum-selection clauses[.]" *Sun*, 901 F.3d at 1090. Moreover, even if these interests could be characterized as "extraordinary" or "exceptional," which they are not, they still lack the required tether to venue. *See Bernal*, 2023 WL 8008977, at *5; *Stability Sols., LLC v. Medacta USA, Inc.*, No. 22-cv-07412-LB, 2023 WL 350546, at *5 (N.D. Cal. Jan. 20, 2023) ("[S]o long as there is a remedy available in the transferee forum for the defendant's alleged conduct, the plaintiff cannot challenge a forum-selection clause based on a public policy unrelated to venue, even if the remedy available in the transferee forum is not the same as in the transferor forum."); *Ross v. Beauty Supply Inst., LLC*, No. 2:20-cv-10616-SB-PVC, 2021 WL 2639041, at *2 (C.D. Cal. Jan. 26, 2021) (rejecting public policy

---

[2] To the extent Plaintiff contends that the CLRA's anti-waiver provision implicates public policy separate from choice-of-law considerations, Plaintiff's argument fails. As noted above, "an antiwaiver provision by itself does not supersede a forum-selection clause" (*Sun*, 901 F.3d at 1090), and neither the CLRA nor its anti-waiver provision are tethered to venue in any way, as is required to defeat a valid forum selection clause on public policy grounds (*see, e.g, Rochfort v. EF Inst. for Cultural Exch., Inc.*, No. 3:20-cv-00508-GPC-BLM, 2020 WL 12833951, at *8 (S.D. Cal. Sept. 8, 2020) (rejecting argument that CLRA states "a strong California public policy against forum selection clauses")).

argument because the plaintiff did not show how transfer would "violate any venue-specific policy" (cleaned up)).

Relatedly, Plaintiff argues—again without support—that Washington lacks consumer protection laws equivalent to those in California, such that transfer would undermine California's strong policy interest in enforcing such laws. (Opp. at 5, 8, 12). Plaintiff is wrong. The Ninth Circuit has expressly recognized that "Washington's and California's consumer protection laws . . . appear to be substantially similar" and that, as such, "applying Washington law is not contrary to a fundamental policy of California law." *Wiseley v. Amazon.com, Inc.*, 709 F. App'x 862, 863 (9th Cir. 2017); *see also Weber v. Amazon.com, Inc.*, No. CV 17-8868-GW(Ex), 2018 WL 6016975, at *6 (C.D. Cal. Jun. 4, 2018) ("Washington law, at least in the context of consumer protection, does not conflict with California law."). And even the possibility of "less effective remedies" or the unavailability of "certain types of remedies" in the transferee forum does not render a forum-selection clause unenforceable. *Sun*, 901 F.3d at 1092 ("[C]ourts must enforce a forum-selection clause unless the contractually selected forum affords the plaintiffs *no remedies whatsoever*." (emphasis added)); *see also Heinz*, 2023 WL 4466904, at *5 (finding Amazon's forum-selection clause did not violate California public policy and granting motion to transfer).

For these reasons, Plaintiff's public policy arguments do not satisfy her heavy burden to defeat transfer or provide extraordinary grounds to justify superseding the strong federal policy in favor of forum-selection clauses.[3]

### 2. *Plaintiff has not met her burden to show that the § 1404(a) public-interest factors overwhelmingly disfavor transfer*

Plaintiff contends that this Court's familiarity with California law and California's local interests "weigh against transfer" pursuant to the Section 1404(a)

---

[3] Plaintiff's exaggerated concerns about the risks posed by allowing "a non-California court" to rule on newer provisions of the CLRA are addressed with respect to Plaintiff's "familiarity with California law" argument. *See* Section I.B.2.a, *infra*.

public-interest factors. (Opp. at 8–11).[4] To defeat transfer on these grounds, Plaintiff must show not only that the public-interest factors lean towards California, but that they "***overwhelmingly*** disfavor a transfer." *Atl. Marine Const.*, 571 U.S. at 67 (emphasis added). The Supreme Court instructs that the public-interest factors "will rarely defeat a transfer motion" (*id.* at 64) and this case is no exception.

          **a.    This Court's familiarity with California law does not overwhelmingly disfavor transfer**

While this Court undoubtedly has greater familiarity with California law than the Western District of Washington, this factor does not "overwhelmingly disfavor" transfer. "[F]ederal judges routinely apply the law of a State other than the State in which they sit" and Plaintiff does not identify "any exceptionally arcane features of" California law "that are likely to defy comprehension by a federal judge sitting in [Washington]." *Atl. Marine Const.*, 571 U.S. at 67–68; *see also Plumleigh v. Metro. Fine Arts & Antiques Inc.*, No. SACV 14-1721-JLS (JCGx), 2015 WL 13918387, at *8 (C.D. Cal. Jan. 21, 2015) (granting motion to transfer because even though the court "may be more familiar with California law," "the Southern District of New York is capable of applying California law").

Neither the purportedly novel nature nor the relative infancy of the CLRA provision on which Plaintiff bases her claims alter this conclusion. (Opp. at 10). Far from being "complex" or "specialized," the task before the transferee Court would focus on traditional statutory interpretation and an initial Rule 8(a) plausibility analysis. (*See* ECF No. 18-1, Memo. in Sup. of Mot. to Dismiss at 12–17). These tasks are hardly unique to California federal courts. Similarly, Plaintiff's suggestion that a Washington federal district judge's application of California law presents a risk of "inconsistent rulings" is speculative and irrelevant. (Opp. at 7–8). This supposed

---

[4] Plaintiff does not challenge the first public-interest factor related to "administrative difficulties flowing from court congestion" or the fact that the Western District of Washington is a proper venue in which this case might have been brought. (*Compare* Memo. at 17–19 (explaining that the Section 1404(a) factors support transfer), *with* Opp. at 8–11 (addressing only two of the Section 1404(a) factors)).

"risk" exists every time a new district court considers an issue that lacks binding appellate precedent, regardless of the state in which the district judge sits.

The four cases that Plaintiff cites in support of her argument are not helpful to her position. Three are inapposite because they do not involve forum-selection clauses, they place the burden of proof on the defendant, and they permit consideration of the *private*-interest factors. *See Urista v. Wells Fargo & Co.*, No. 20-cv-01689-H-AHG, 2020 WL 7385847, at *3 (S.D. Cal. Dec. 16, 2020); *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1080–81 (S.D. Cal. 2011); *Getz v. Boeing Co.*, 547 F. Supp. 2d 1080, 1085 (S.D. Cal. 2008). The fourth supports Amazon's position, in that the Court held that "since other federal courts are fully capable of applying California law, this [familiarity-with-California-law] factor weighs only slightly against transfer." *DePuy Synthes Sales Inc. v. Stryker Corp.*, No. ED CV 18-1557 FMO (KKx), 2019 WL 1601384, at *5 (C.D. Cal. Feb. 5, 2019). As noted above, Plaintiff's burden is to show that the public-interest factors "overwhelming disfavor" transfer, not merely that they weigh "slightly" against it.

          **b.    California's alleged local interest in this action does not overwhelmingly disfavor transfer**

Plaintiff also contends that California's "local interest" in this action leans against transfer. But this argument is duplicative of Plaintiff's flawed public policy arguments and otherwise relies inappropriately on the purported convenience of a California forum. (Opp. at 10–11). The former public policy arguments fail for the reasons already explained. (*See* Section I.B.1, *supra*.). And the latter convenience considerations are the hallmark of the private-interest factors, which are irrelevant where, like here, the parties have agreed to a forum-selection clause. *See Atl. Marine Const.*, 571 U.S. at 62–64 (instructing that courts "should not consider arguments about the parties' private interests" and "must deem the private-interest factors to weigh entirely in favor of the preselected forum"); *Cole v. Amazon.com Servs. LLC*, No. 2:24-cv-03709-AB-AJR, 2024 WL 3740097, at *3 (C.D. Cal. July 26, 2024)

1  (finding "claim that Washington is a far less convenient forum does not overcome [plaintiff's] heavy burden, as forum selection clauses routinely require plaintiffs to litigate in other states" (internal quotation marks omitted)).[5]

Even if California's local interests were due further consideration, they fall well short of "overwhelmingly" disfavoring transfer. Washington State—the principal place of business for Amazon—has its own meaningful "interest in deterring wrongful conduct by its own citizens." *Lightfoot v. MoneyonMobile, Inc.*, No. 18-cv-07123-YGR, 2019 WL 2476624, at *9 (N.D. Cal. Jun. 13, 2019) (finding transferee state's interest "is at least as great as, if not greater than, California's interest in adjudicating claims against out-of-state defendants in its courts"). And where two states have a recognizable interest in an action, it cannot be said that one state's ordinary interests "overwhelmingly" weigh against transfer. *See, e.g.*, *Huddleston v. John Christner Trucking, LLC*, No. 1:17-cv-00925-LJO-SAB, 2017 WL 4310348, at *10 (E.D. Cal. Sept. 28, 2017) ("The state of California may have an interest in the outcome of this dispute, but that interest is not so overwhelming or unusual that this should be an exception to the general rule that a valid forum-selection clause should be honored."); *Heinz*, 2023 WL 4466904, at *5 (explaining that California's interest in a case involving a proposed class "exclusively of California residents" does not overwhelmingly disfavor transfer).

## II. CONCLUSION

For the reasons set forth above, as well as those in its original Memorandum, Amazon respectfully requests that the Court transfer this action to the U.S. District Court for the Western District of Washington.

---

[5] The sole case Plaintiff cites in this section of her Opposition did not involve a forum-selection clause and nevertheless granted the defendant's motion to transfer. *See Hangzhou Chic Intelligent Tech. Co., Ltd. v. Swagway, LLC*, No. 16-cv-04804-HSG, 2017 WL 1425915, at *5 (N.D. Cal. Apr. 21, 2017).

| | | |
|---|---|---|
| 1 | Dated:   March 10, 2025 | K&L GATES LLP |
| 2 | | |
| 3 | | By: s/ Kevin S. Asfour |
| 4 | | Kevin S. Asfour |
| 5 | | Jennifer J. Nagle (Pro Hac Vice)<br>Robert W. Sparkes, III (Pro Hac Vice) |
| 6 | | K&L GATES LLP<br>One Congress Street, Suite 2900 |
| 7 | | Boston, MA 02114<br>Tel: (617) 261-3100 |
| 8 | | jennifer.nagle@klgates.com<br>robert.sparkes@klgates.com |
| 9 | | Loly G. Tor (Pro Hac Vice) |
| 10 | | K&L GATES LLP<br>One Newark Center, 10th Floor |
| 11 | | Newark, NJ 07102<br>Tel: (973) 848-4026 |
| 12 | | loly.tor@klgates.com |
| 13 | | *Attorneys for Defendant*<br>*Amazon.com, Inc.* |

- 10 -

AMAZON'S REPLY IN SUPPORT OF
MOTION TO TRANSFER VENUE
CASE NO. 3:24-CV-02273-H-DTF