# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA ROMERO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | Case No.: 24-cv-02273-H-DTF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>[Doc. No. 17.] |

On December 5, 2024, Plaintiff Mayra Romero ("Plaintiff") filed a class action complaint against Defendant Amazon.com, Inc. ("Amazon"). (Doc. No. 1, Compl.) On January 28, 2025, Amazon filed a motion to transfer venue to the U.S. District Court for the Western District of Washington. (Doc. No. 17.) On March 3, 2025, Plaintiff filed her opposition to the motion. (Doc. No. 21.) On March 10, 2025, Amazon filed its reply. (Doc. No. 22.) On March 11, 2025, the Court took the matter under submission. (Doc. No. 23.) For the reasons below, the Court grants Amazon's motion to transfer.

## Background

Plaintiff is a resident of California. (Compl. ¶ 14.) Amazon is a corporation that is incorporated in Delaware with its principal place of business located in Washington. (Doc. No. 17-2, Ariwaodo Decl. ¶ 18; Compl. ¶ 15.) On September 21, 2024, Plaintiff used a

1  smartphone to access Amazon's "Amazon Fresh" service to order groceries to be delivered
2  to her residence. (Compl. ¶ 18.) Amazon Fresh is Amazon's grocery store, which is
3  accessible online in addition to physical locations. (Ariwaodo Decl. ¶ 4.) Upon checkout,
4  Amazon added a $4.95 service fee to Plaintiff's total. (Compl. ¶ 23.) This service fee was
5  not previously disclosed by Amazon during Plaintiff's shopping process. (Id. ¶ 21.)

   Despite the service fee, Plaintiff placed her order for groceries with Amazon Fresh.
(Ariwaodo Decl. ¶ 15.) Plaintiff agreed to Amazon's conditions of use ("COUs") when she placed her grocery order. (Ariwaodo Decl. ¶¶ 11–12.) Amazon's COUs contain a forum selection clause: "Any dispute or claim relating in any way to your use of any Amazon Service will be adjudicated in the state or Federal courts in King County, Washington, and you consent to exclusive jurisdiction and venue in these courts." (Id. Ex. A at 5.) Amazon's COUs also contain a choice of law clause: "By using any Amazon Service, you agree that applicable federal law, and the laws of the state of Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise between you and Amazon." (Id.)

   On December 5, 2024, Plaintiff filed a class action complaint against Amazon alleging claims for: (1) violation of the California Consumer Legal Remedies Act ("CLRA"), California Civil Code §§ 1750 *et seq.*; and (2) violation of California's Unfair Competition Law ("UCL"), California Business & Professional Code §§ 17200 *et seq*. (Compl. ¶¶ 55–77.) Amazon moves pursuant to 28 U.S.C. § 1404(a) to transfer this action to the Western District of Washington.

## Discussion

**I.   Legal Standard**

A forum selection clause "may be enforced through a motion to transfer under § 1404(a)." Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 59 (2013). Section 1404(a) codifies the doctrine of forum non conveniens and provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a); see Atl. Marine, 571 U.S. at 60.

"When the parties have agreed to a valid forum selection clause, a district court should ordinarily transfer the case to the forum specified in that clause," absent "extraordinary circumstances unrelated to the convenience of the parties." Atl. Marine, 571 U.S. at 62. "[T]he plaintiff's choice of forum merits no weight" in the analysis, and "the party defying the forum-selection clause . . . bears the burden of establishing that transfer . . . is unwarranted." Id. at 63. A district court evaluating a "§ 1404(a) motion to transfer based on a forum selection clause should not consider arguments about the parties' private interests." Id. at 64. Rather, a district court may only "consider arguments about public interest factors." Id. Such factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." Atl. Marine, 571 U.S. at 62 n.6 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)). However, these factors "will rarely defeat a transfer motion" based on a forum selection clause. Id. at 64.

Indeed, the weight of a forum selection clause will be virtually controlling unless the party opposing transfer makes "a strong showing that: (1) the clause is invalid due to fraud or overreaching, (2) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision, or (3) trial in the contractual forum will be so gravely difficult and inconvenient that the litigant will for all practical purposes be deprived of his day in court." Sun v. Adv. China Healthcare, Inc., 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 18 (1972)) (cleaned up).

## II. Analysis

In opposing Amazon's motion, Plaintiff does not dispute that the forum selection clause in Amazon's COUs is valid or that it applies to this action. (See Doc. No. 21.) Instead, Plaintiff asserts that the forum selection clause and the choice of law clause in

Amazon's COUs would operate to waive Plaintiff's California statutory rights in contravention of California public policy. (See id. at 9, 11.) Specifically, Plaintiff points to the antiwaiver provisions in the CLRA and UCL. (Id.)

"[A]n antiwaiver provision by itself does not supersede a forum selection clause." Sun, 901 F.3d at 1090. Instead, "in order to prove that enforcement of such a clause 'would contravene a strong public policy of the forum in which suit is brought,' the plaintiff must point to a statute or judicial decision that clearly states such a strong public policy." Id. (quoting M/S Bremen, 407 U.S. at 15). In Doe 1 v. AOL LLC, the Ninth Circuit found that "California public policy is violated" where a forum selection and choice of law clause operate in tandem to force California "plaintiffs to waive their rights to a class action and remedies under" the CLRA. 552 F.3d 1077, 1084 (9th Cir. 2009). And, as Plaintiff notes, the court in Bayol v. Zipcar, Inc. refused to enforce a forum selection clause on similar grounds. No. 14-cv-02483, 2014 WL 4793935 (N.D. Cal. Sept. 25, 2014).

However, unlike the plaintiffs in Bayol, Plaintiff has not made a sufficient showing that a federal court in Washington would not enforce Plaintiff's unwaivable rights under the CLRA and UCL. In Bayol, the plaintiffs pointed to specific First Circuit case law interpreting Massachusetts law that led the court to conclude that "the District of Massachusetts would be unlikely to apply California state law." 2014 WL 4793935, at *4. Similarly, in Doe, the effect of the forum selection clause together with the choice of law clause would have been to waive the plaintiff's right to bring a class action, because consumer class actions were not available under the chosen forum's law. 552 F.3d at 1083–1084.

Here, Plaintiff only asserts that it would be "far less likely that the Western District of Washington would apply California state law" after undertaking a choice of law analysis and that "California law is far more protective than Washington law." (Doc. No. 21 at 16–17.) Plaintiff does not point to any case law or statutes that would support its assertions to this effect. This is not enough to meet Plaintiff's "burden of establishing that transfer . . . is unwarranted." Atl. Marine, 571 U.S. at 63; see Li v. Amazon.com Services LLC, No.

4

23-cv-00441, 2023 WL 8720669, at *6–7 (N.D. Cal. Dec. 18, 2023) (granting motion to transfer venue to Western District of Washington where plaintiff failed to demonstrate that the transfer would likely result in the waiver of plaintiff's California statutory rights). Accordingly, the Court finds that the forum selection clause at issue here is enforceable.

Moving on to the public interest factor analysis, Plaintiff argues that this Court's familiarity with California law weighs against transfer. (See Doc. No. 21 at 13.) "A California district court is more familiar with California law than district courts in other states." In re Ferrero Litig., 768 F. Supp. 2d 1074, 1081 (S.D. Cal. 2011). On the other hand, "federal judges routinely apply the law of a State other than the State in which they sit." Atl. Marine, 571 U.S. at 67; see, e.g., Heck v. Amazon.com, Inc., No. 23-cv-01219, 2024 WL 248712 (W.D. Wash. Jan. 23, 2024) (adjudicating California CLRA and UCL claims in a putative class action brought against Amazon). Therefore, this factor weighs only "slightly" against transfer. Getz v. Boeing Co., 547 F. Supp. 2d 1080, 1084 (N.D. Cal. 2008).

Plaintiff also argues that California's local interest in this action weighs against transfer because Plaintiff and all putative class members are California residents and because Amazon operates several physical Amazon Fresh stores in California. (See Doc. No. 21 at 10–12, 14; Doc. No. 21-2, Swigart Decl. ¶ 6.) However, Plaintiff acknowledges that Amazon operates its Amazon Fresh service nationwide, including physical stores in Washington. (See Doc. No. 21 at 10; Swigart Decl. ¶ 5.) Furthermore, Amazon's principal place of business is in Washington, so Washington has its own interest in "deterring wrongful conduct by its own citizens." Lightfoot v. MoneyonMobile, Inc., No. 18-cv-07123, 2019 WL 2476624, at *9 (N.D. Cal. June 13, 2019). Accordingly, the Court finds that this public interest factor is neutral. Taken together, the public interest concerns that Plaintiff has identified do not "overwhelmingly disfavor a transfer." Atl. Marine, 571 U.S. at 67.

## Conclusion

For the reasons above, the Court grants Amazon's motion to transfer venue.

Accordingly, this action is transferred to the U.S. District Court for the Western District of Washington for all further proceedings. The Court vacates all pending dates set by this Court to permit the Western District of Washington to set appropriate dates as it sees fit.

**IT IS SO ORDERED.**

DATED: March 24, 2025

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT